## Louis M. Smit v. The People.

*Fraudulent assignment, evidence of.* A sudden assignment of property to a brother, made after demand of payment of a debt, under fear of an attachment, and a refusal on the part of vendor and vendee to give any information concerning the terms of the transfer, will justify an inference of fraud.

*Heard May 21st. Decided May 25th.*

Certiorari to T. K. Gillett, a Circuit Court Commissioner for Wayne county.

Plaintiff in error was found guilty by the Commissioner of fraudulently disposing of his property, against the provisions of the "*Fraudulent Debtor Act*"; and this writ was sued out to review the proceedings thereon.

*D. C. Holbrook*, for plaintiff in error.

*Newberry & Pond*, for the People.

CAMPBELL J.

This is a certiorari to review the finding of a Circuit Court Commissioner, holding Smit guilty of fraudulently disposing of his property, against the "*Fraudulent Debtor Act*"; and it is claimed the complaint did not make out such a case as to give the Commissioner jurisdiction.

It appears, from the showing, that Smit, being called upon by an agent of his prosecuting creditors for an unpaid balance of five hundred and fifty dollars, stated that he then had no money to pay, but had on hand a stock of nine thousand dollars, while he owed between four and five thousand. Upon being requested, he refused to make payment in goods. The next day, hearing Smit had disposed of his property to his brother, the same agent went to the store and found the brother in possession, claiming title by purchase and payment, but refusing to give any information. The day after that, Louis M. Smit was also found, and refused to state the ·terms of sale, or to turn over any of the proceeds, and also said he sold out because he feared the agent would sue out an attachment for the debt.

We think this is a very plain case of fraud, which, if true, it would be difficult to extenuate. Nothing but a fraudulent design could be inferred from the facts. The Commissioner was authorized to proceed, and his action should be affirmed, with costs.

MARTIN Ch. J. and COOLEY J. concurred.

CHRISTIANCY J. did not sit in this case.